UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERTA L. COWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.  05-2247-JWL |
| | ) |
| MICHAEL J. ASTRUE[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case presents the Court with the opportunity to set forth a suggested procedure for parties to follow in social security cases after a "sentence six" remand in which the Commissioner has not made a decision fully favorable to the individual upon remand. The Court will set forth a brief history of this case, the course ordered by the Court in this case, and, because the relative infrequency of sentence six remand cases, a suggestion for parties in future sentence six remand cases to follow so that the case may be set on the briefing schedule established by D. Kan. Rule 83.7(d).

On June 14, 2005, Roberta L. Cowen commenced this action challenging the Commissioner of Social Security's denial of her application for benefits. On November 14, 2005, the Commissioner filed a motion to remand this case pursuant to "sentence six" of 42 U.S.C. § 405(g). *See Gutierrez v. Sullivan*, 953 F.2d 579, 581-82 (10th Cir. 1992) (explaining the distinctions between "sentence four" and "sentence six" remands under §405(g)). In regard to sentence six remands, 405(g) provides in pertinent part:

---

[1] On February 12, 2007 Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; *and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.* Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

(Emphasis added). On November 15, 2005 this Court entered an order remanding this case to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g).

Because the Commissioner's decision on remand was not fully favorable to Plaintiff, on February 14, 2007, the Commissioner filed a transcript of the additional record and testimony upon which the Commissioner's action. On February 15, 2007, the Commissioner filed his answer to Plaintiff's original complaint dated June 14, 2005. Concerned about the proper procedure for administering sentence six remand cases after the Commissioner filed an answer, on February 21, 2007 this Court entered an Order to Show Cause why the Commissioner's answer should not be stricken.

On February 23, 2007, the Commissioner filed his response to the Court's order to show cause. In that response, the Commissioner indicates, "[b]ecause this case was remanded pursuant to sentence six, defendant understood that the Court retained jurisdiction and defendant was under

an obligation to file a timely answer to plaintiff's original complaint, along with the transcript of the proceedings that had occurred in response to the Court's order of remand." Although § 405(g) does not expressly discuss the time for the Commissioner to file his answer in sentence six cases following remand, § 405(g) provides in relevant part: "As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." In light of the Court's concerns, the Commissioner agrees to withdraw his answer and to follow the procedure outlined by the Court in this memorandum and order.

The Court, having considered the Commissioner's response, allows the Commissioner to withdraw his February 15, 2007 answer. The Commissioner shall withdraw his answer upon entry of this Memorandum and Order. Within ten days (10) days of the date of this order, Plaintiff, who has indicated that she intends to challenge the Commissioner's decision in this case, shall file an amended complaint in this case. Within ten (10) days of the date Plaintiff's amended complaint is filed, the Commissioner shall file his answer to that amended complaint. Plaintiff shall file her opening brief within forty-five (45) days of the date the Commissioner's answer is filed in this case. The Commissioner shall file his response brief within thirty (30) days of the date of service of Plaintiff's opening brief. Plaintiff may serve and file a reply brief within fourteen (14) days after service of the Commissioner's response brief.

In future cases involving sentence six remands, the Court suggests the following procedure to posture the cases for evaluation by the Court. As required by § 405(g), in sentence six remand cases, the Commissioner shall filed the transcript of proceeding of his decision if it is not fully favorable to Plaintiff. At the time the transcript is filed, the United States Attorney's Office should

contact Plaintiff to determine whether Plaintiff intends to further pursue the case.  If plaintiff does not intend to pursue the case, a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1) should be filed within ten days of the date the transcript is filed.  If the plaintiff intends to pursue the case following remand, plaintiff should file an amended complaint within ten (10) days of the date the Commissioner files the transcript, thereby making clear that he or she intends to challenge the unfavorable decision of the Commissioner following remand.  As in this case, the Commissioner should then file his answer, and the case will then be set on a briefing schedule.  If no action is taken by Plaintiff within ten (10) days of the date that the Commissioner files the transcript, the Court will likely schedule a conference to discuss the status of the case.

IT IS THEREFORE ORDERED that Commissioner's response to the Court's February 21, 2007 Order to Show Cause is approved by the Court.  The Commissioner shall withdraw his February 15, 2007 answer upon entry of this order.

IT IS FURTHER ORDERED that the parties shall follow the schedule set forth in this memorandum and order.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge